## In the Matter of RICH–MORROW REALTY CO., INC., Debtor.

## PARK VIEW FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

## RICH–MORROW REALTY CO., INC., Defendant.

Bankruptcy No. 686–00242.
Adv. No. 688–0106.

United States Bankruptcy Court, N.D. Ohio.

Feb. 1, 1989.

Thomas P. Marotta of Gruber, Moriarty, Fricke & Jaros, Cleveland, Ohio, for plaintiff.

John A. Schwemler of Brouse & McDowell, Akron, Ohio, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presented is a motion for summary judgment filed on behalf of Rich–Morrow Realty Co., Inc. (Rich–Morrow). Park View Federal Savings and Loan Association (Park View) filed a complaint objecting to the discharge of Rich–Morrow pursuant to 11 U.S.C. §§ 727 and 1141 and also seeking judgment in the amount of $116,033.24 plus interest. Rich–Morrow answered denying the essential allegations of the complaint. Subsequent to the initial pre-trial conference Rich–Morrow filed the instant motion.

### FACTS

On February 25, 1986, Rich–Morrow, a corporation formed under the laws of the State of Ohio, filed for relief under Chapter 11 of Title 11 of the United States Code. Park View was listed on Rich–Morrow's A–2 schedules as holding a secured claim in the amount of $238,062.00. Park View filed a proof of claim on July 7, 1986, as a secured creditor, setting forth an amount of $230,445.70. Subsequent thereto, Park View has amended its proof of claim twice, the last time being on July 12, 1988, reducing the amount claimed due to $116,033.24. The debt to Park View is secured by various mobile homes owned by Rich–Morrow.

Rich–Morrow, as debtor in possession, has been in the process of liquidating its assets, the majority having already been sold or returned to the secured creditor. No plan of reorganization has as yet been presented by Rich–Morrow.

On August 19, 1988, Park View filed its complaint objecting to the discharge of Rich–Morrow based upon 11 U.S.C. § 727(a)(2), (4) and (5) and 11 U.S.C. § 1141(d)(3)(C). Park View alleges that certain mobile homes in which it has a security interest have been transferred, removed, destroyed or concealed by Rich–Morrow with the intent to defraud its creditors. Park View also asserts that Rich–Morrow has failed to explain satisfactorily such loss of collateral.

Rich–Morrow, besides denying the allegations of the complaint, argues in its motion for summary judgment that except in the context of a plan of reorganization, Section 727 has no application to its Chapter 11 case and therefore, Park View's complaint should be dismissed. *See,* 11 U.S.C. § 1141(d)(3).

### DISCUSSION

The basis of Park View's complaint rests on the reasons set out in 11 U.S.C. § 727(a)(2), (4) and (5).[1] However, 11

---

1. § 727. Discharge.
   (a) The court shall grant the debtor a discharge, unless—

   . . . . .

   (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
   (A) property of the debtor, within one year before the date of the filing of the petition; or
   (B) property of the estate after the date of the filing of the petition;

   . . . . .

   (4) the debtor knowingly and fraudulently, in or in connection with the case—
   (A) made a false oath or account;
   (B) presented or used a false claim;
   (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
   (D) withheld from an offer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
   (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of as-

U.S.C. § 103(b) specifically provides that "[s]ubchapters I and II of chapter 7 of this title apply only in a case under such chapter." Section 727 is in subchapter II and therefore, standing alone, Section 727 is inapplicable to Rich–Morrow's Chapter 11 case.

Section 727, however, does play a role in Chapter 11 cases by virtue of 11 U.S.C. § 1141 which deals with the effects of the confirmation of a plan of reorganization. Section 1141(d)(1)(A) provides that upon the confirmation of a plan of reorganization, the debtor receives a discharge from any debt that arose before the date of confirmation.

There are two exceptions to the broad discharge in Chapter 11 cases. The first exception provided in Section 1141(d)(2) is not applicable to the present case in that it concerns individual debtors and Section 523.

The second exception, which Park View relies on, is in Section 1141(d)(3) which states:

> The confirmation of a plan does not discharge a debtor if—
>
> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
>
> (B) the debtor does not engage in business after consummation of the plan; and
>
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

As the legislative history to Section 1141(d) states:

Paragraph (3) specifies that the debtor is not discharged by the confirmation of a plan if the plan is a liquidating plan and if the debtor would be denied discharge in a liquidation case under Section 727. Specifically, if all or substantially all of the distribution under the plan is of all or substantially all of the property of the estate or the proceeds of it, if the business, if any, of the debtor does not continue, and if the debtor would be denied a discharge under section 727 (such as if the debtor were not an individual or if he had committed an act that would lead to denial of discharge), then the Chapter 11 discharge is not granted.

House Rep. No. 95–595, 95th Cong. 1st Sess. 418–19 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6374, 6375.

In Rich–Morrow's Chapter 11 case, no plan of reorganization has been confirmed by the court. In fact, as noted, no plan has even been submitted for the creditors or the court to consider. Therefore, the provisions of Section 1141, and with it, Section 727, are inapplicable to the case at bar.[2]

Accordingly, Park View's requested relief of denying the discharge of Rich–Morrow is inappropriate in the absence of a plan of reorganization.

An order in accordance herewith shall issue.

---

sets or deficiency of assets to meet the debtors's liabilities.

2. Even if a plan of reorganization were filed, the court would not need to reach a decision on the merits of Park View's allegations. As stated earlier, the confirmation of a plan of reorganization grants the Chapter 11 debtor a discharge of all debts arising prior to confirmation. The only exception to the granting of a discharge is provided in Section 1141(d)(3).

Given the conjunctive structure of Section 1141(d)(3), all three requirements of the section must be met before a Chapter 11 debtor would

be denied a discharge. In that Rich–Morrow is a corporation, and by that very fact alone cannot receive a discharge in a Chapter 7 case, *See,* Section 727(a)(1), if its plan of reorganization is a liquidating plan and Rich–Morrow does not engage in business after consummation of the plan, the combination of these facts is enough to prevent it from receiving a discharge. Thus, the court would not need to reach a determination on Park View's allegations that its collateral has been transferred, removed, destroyed or concealed by Rich–Morrow with the intent to defraud. *See,* Section 727(a)(2).